UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIGUEL RIVERA** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-8604** |
| **STATE FARM AND CASUALTY COMPANY, ET AL.** | **SECTION "C"** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff, Miguel Rivera ("Rivera") (Rec. Doc. 8), in which he claims that his insurance agent, Ed Schaumburg ("Schaumberg"), was not fraudulently joined and that this Court does not have jurisdiction over his case under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), or 42 U.S.C. § 4072, the National Flood Insurance Program ("NFIP") . Defendants, State Farm Fire and Casualty Company ("State Farm"), and Schaumberg, oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that Rivera's Motion to Remand is **GRANTED**.

## I. BACKGROUND

Rivera owns the residence located at 3420 Roosevelt Drive, Kenner, Louisiana (Rec. Doc. 8). Hurricane Katrina caused extensive damages to Rivera's property, rendering it

uninhabitable for a period of time.  At all times pertinent hereto, Plaintiff owned both a State Farm homeowners policy and a State Farm issued Standard Flood Insurance Policy ("SFIP") (Rec. Doc. 15).  Rivera purchased this coverage through his agent, Schaumburg.  In his state court petition, Rivera claims that State Farm agent Schaumburg has been contacted within the last year "regarding [policy] limits, scope of coverage regarding hurricane damage, and within the last three years has made/or requested changes [to his policy]," and that Schaumburg has failed to properly advise Rivera as to the option of purchasing excess flood insurance or the potential for noncoverage of hurricane damages, and that the agent failed to procure adequate coverage for flood damage, hurricane damages and failed to advise the plaintiff as to the adequacy of the flood coverage  (Rec. Doc. 1-3 p.8).

On August 28, 2006, Rivera filed a Petition for Declaratory Judgment and Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  Defendants then filed a timely Notice of Removal alleging diversity jurisdiction, and federal question jurisdiction under the MMTJA and the NFIP.  Rivera then filed a motion to remand, claiming that Schaumburg, a Louisiana resident, was not fraudulently joined to the action and thus this Court does not have diversity jurisdiction.  Furthermore, he claims that this Court does not have jurisdiction under the MMTJA or the NFIP.

**II. ANALYSIS**

**A. FRAUDULENT JOINDER**

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006).  The district courts have

original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  See, 28 U.S.C. § 1332 (2006).  For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).  The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp.

2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .")  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  *Id.*, 385 F.3d at 572.

  The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

  Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam*

4

*v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.* However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id.* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)). On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. *Dooley v. Wright*, 501 So.2d 980, 985 (La.App 2 Cir.1987), writ denied, 512 So.2d 442 (La.1987).

The Court has ruled on the scope of the fiduciary duty owed by an insurance agent. *Three X, L.L.C. v. Lexington Insurance Co., 2006 WL 3142276 (E.D.La.).* The Court finds that the plaintiffs have stated a claim against Collins with regard to the advice and the procurement of the subject insurance for purposes of improper joinder.

## B. PEREMPTION

State Farm alleges that the claims against Schaumburg are perempted under Louisiana Revised Statute § 9:5606.[1] In general, renewals of insurance policies do not operate to restart

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
 A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

peremption.  *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)).  However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages.  *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04).  The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

Here, the Court finds that State Farm has not met its burden to establish that there is no reasonable basis to determine that the renewals did not constitute an act that was separate and distinct from the original purchase of the insurance policy.  Rivera claims that he "conversed" with Schaumberg regarding the limits and scope of coverage regarding hurricane damages within the last year and that he has requested changes to his insurance policy within the last three years.  If Rivera did request changes in the policy that were never made, these acts may constitute separate torts.  Thus, there is a reasonable possibility under Louisiana law that the claims against Schaumberg are not perempted by the three year period provided in Louisiana Revised Statute § 9:5606.

Louisiana Revised Statute § 9:5606 also provides for a one year peremptive period.  Rivera filed suit on August 28, 2006.  He did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when he made a claim for damages (Rec. Doc. 8).  These dates show that Rivera filed suit within one year of when he actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Rivera should have discovered the alleged actions, omissions

or neglect.  Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.  *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)).  Rivera alleges that Schaumberg "held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage"  (Rec. Doc. 1-3 p.9).  As a result, Rivera claims that Schaumberg is liable to him for gaps in his insurance coverage.  Arguably, Rivera could have discovered any gaps in his insurance coverage by carefully reading the policy.  At the same time, without further factual development, the Court cannot determine whether Rivera was lulled into complacency by representations made by Schaumberg.  The facts may disclose that Rivera's reliance was well-founded, regardless of the actual language of the policy, and that Rivera is therefore excused from his failure to discover the problem earlier.

### B. Jurisdicion under the Multiparty, Multiforum Trial Jurisdicion Act (MMTJA)

This Court has previously held that the MMTJA is not applicable in cases such as this.  Hurricane Katrina itself was not an "accident" within the terms of § 1369.  See, *Fidelity Homestead Ass'n,* 2006 WL 2873562; *Southern Athletic Club, LLC*, 2006 WL 2583406, *6; *Berry v. Allstate Ins. Co.*, 2006 WL 2710588, *3 (E.D.La. 2006) (J. Zainey); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013, *3 (E.D.La. 2006) (J. Lemelle); *Southall v. St. Paul Travelers Ins. Co. et. al.,* 2006 WL 2385365, *5 (E.D.La. 2006) (J. Barbier).  Therefore, State Farm cannot rely on the MMTJA for federal question subject matter jurisdiction.

### C. Jurisdiction under the National Flood Insurance Program (NFIP)

State Farm avers that this case was properly removed because this Court has jurisdiction

over this action under 24 U.S.C. § 4072, which gives federal courts exclusive jurisdiction over claims with respect to flood insurance policies issued under the NFIP (Rec. Doc.1).  The issue before for this Court is whether the National Flood Insurance Act preempts state law claims where they relate to a flood policy.  Courts in this district have faced this issue numerous times recently, under similar fact situations.  These cases have uniformly found that federal jurisdiction is not available for causes of action arising out of a failure to procure flood insurance.  In Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531 (E.D. La. 2006), Judge Fallon noted that:

> Although the Fifth Circuit has not spoken directly on this issue, a number of district courts have held that federal question jurisdiction does not exist for claims related to flood insurance procurement. Waltrip v. Brooks Agency, Inc., 417 F.Supp.2d 768, 770 (E.D.Va.2006); Roybal v. Los Alamos National Bank, 375 F.Supp.2d 1324, 1332-33 (D.N.M.2005); Corliss v. South Carolina Ins. Co., No. 03-2944, 2004 WL 2988497, at *3 (E.D.La. Dec. 12, 2004) (Vance, J.); Elizabeth v. USAA Gen. Indem. Co., No. 02-2021, 2002 WL 31886719, at *3 (E.D.La. Dec. 19, 2002) (Vance, J.).

Id. at 534.  Judge Fallon held that claims relating to procurement and errors and omissions do not fall under federal question jurisdiction. Id. at 536. Since Landry, lower courts in the Fifth Circuit have routinely followed this line of reasoning.   Jones v. State Farm Fire & Cas. Co., 2006 WL 2359777, at *2-4 (S.D.Miss. Aug. 15, 2006)(Senter, J); Seruntine v.. State Farm & Cas. Co., 2006 WL 2361641, at *2-5 (E.D.La. Aug. 7, 2006)(Vance, J); Bramlett v. State Farm Fire & Cas. Co., 2006 WL 2243186, at *4-6 (S.D.Miss. Aug. 4, 2006) (Senter, J.); Sullivan v.. State Farm Cas. Co., 2006 WL 2119320, *3-4 (E.D.La. July 27, 2006)(Barbier, J); Jeffrey v. Ins. Underwriters, LTD, 2006 WL 1984591, at *1-2 (E.D.La. July 7, 2006) (McNamara, J.); Cosse v. Matte, 2006 WL 1968868, at *1-2 (E.D.La. July 7, 2006)(McNamara, J .);

State Farm argues at length that Rivera's claims fall under their SFIP, which is under the

8

original jurisdiction of 42 U.S.C § 4072 (Rec. Doc. 1). However, Rivera specifically claims that his agent failed "to procure adequate flood insurance," and failed "to advise [...] of the inadequacy of their flood coverage" (Rec. Doc.1-3 p.8). This Court adopts the reasoning in Landry that claims for failure to procure flood insurance do not fall under federal question jurisdiction. 428 F.Supp.2d 531 at 536. Since the cause of action underlying this case asserts that the defendants failed to use reasonable diligence to procure adequate coverage to protect the plaintiffs, this case concerns negligent procurement, as opposed to actual handling of NFIP policies, and thus, does not invoke federal question jurisdiction.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Rivera's Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana this 8th day of March, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE